**No. 3390**

**Second Circuit**

**WOMACK v. ASKEW**

(November 8, 1928. Opinion and Decree.)

Crow and Coleman, of Shreveport, attorneys for plaintiff, appellant.

J. S. Atkinson; and Alex F. Smith, of Shreveport, attorneys for defendant, appellant.

WEBB, J. This action arises out of a collision between motor vehicles belonging to the respective parties, and each alleges liability on the part of the other, and both appeal from a judgment rejecting their demands.

The collision occurred in the day-time on a hard-surfaced or graveled road at a point near the north end of a narrow bridge which was in the center of the highway.

The vehicles were being driven in opposite directions, that owned by plaintiff, a one-ton Ford truck with trailer attached, being driven north, and that owned by defendant, a Cadillac sedan, being driven south.

The highway was level and straight for some distance on each side of the bridge, and each of the drivers had a clear view of the other vehicle as they approached the bridge, and both drivers were aware of the location of the bridge and of the fact that the vehicles could not pass each other on the bridge.

Plaintiff alleged that the collision was due to the fault and negligence of defendant in that defendant had approached the bridge at a high rate of speed and on the wrong side of the roadway, and that after the truck had about cleared the bridge and when the sedan was about fifty feet from the bridge, the driver of the sedan suddenly swerved it to the left and into collision with the truck, which was denied by defendant who, in turn, alleged that the collision was due to the fault and negligence of the driver of the truck, in that defendant had brought his car to a stop on the right side of the roadway at a distance of about twenty feet from the bridge, and that the truck was driven in such a careless and reckless manner and at such speed as it crossed the bridge as to cause the trailer to swing back and forth over the roadway, and that the trailer thus oscillating as the truck was driven off the bridge came in contact and collision with defendant's automobile.

The testimony of the witnesses offered by the parties, who claimed to have seen the collision, in the main support their respective allegations, with the exception that plaintiff's witnesses testified that defendant had swerved his car to defendant's right, bringing the rear of the sedan in contact with the front of the truck, causing the sedan to be whirled and to come in contact with the rear of the truck, and that the collision occurred nearer the bridge than alleged by either of the parties, and each of the parties contends that the physical facts support the testimony of his witnesses, as to which, however, the physical facts, the testimony is also conflicting.

There is uncontradicted evidence showing that the truck was being driven at such speed as to cause the trailer to swing back and forth, and out of alignment with the truck, and it appears highly improbable that an impact on the rear of the sedan could have caused it to whirl so as to bring its front in contact with the rear of the truck or trailer. The sedan weighed several thousand pounds and was probably heavier than the truck and trailer, and the photograph of the sedan indicates that the greatest force was on the rear of the sedan, and we are of the opinion that the evidence best supports the defendant's theory of the accident, as to the trailer coming in contact with the sedan, which would indicate that there was room for the truck to have passed the sedan had the truck been

driven at a proper rate of speed, and that the accident was attributable to the negligence of the driver of the truck.

However, the evidence, as stated, shows that the collision occurred at a point nearer the bridge than alleged by either of the parties, and while it appears that the truck could have been driven off of the bridge, which was in the center of the roadway and to the driver's right side of the roadway, without the trailer coming in contact with the sedan, the statement of defendant shows that he knew that the truck was approaching the bridge at a high rate of speed and that he knew of the danger of a collision at that point, and prudence required he should have placed his car in such position as to have allowed a safe margin for the truck to have cleared the roadway after leaving the bridge, and we do not find that the evidence establishes that defendant's car was in such position, but rather shows that it was about the center of the roadway, and we are of the opinion that having knowledge of the situation, his lack of prudence contributed to the accident.

The judgment appealed from is therefore affirmed.